UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Holy Pharoah Dr. Admiral
A.L.S.A.E.R. El-bey,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 15cv238(SRC)

**MEMORANDUM and ORDER**

**CHESLER**, District Judge:

    On January 12, 2015, Plaintiff, a/k/a Jason L. Amin-Bey, a federal pre-trial detainee at the Federal Medical Center Devens,[1] in Ayers Massachusetts, submitted an incomprehensible document seeking to initiate a case in this Court. (Doc. No. 1.) Several weeks later, Plaintiff submitted an application to proceed without prepaying the filing fees (*in forma pauperis* or "IFP") in this matter. (Doc. No. 3.) Petitioner then submitted letters on February 11 and February 28, 2015, but the Court cannot understand what Plaintiff is trying to communicate in

---

[1] The Court takes judicial notice of Plaintiff's recent civil actions in this Court, wherein it was established that Plaintiff is a federal pre-trial detainee at the Federal Medical Center Devens. *See* Civil Action Nos. 13cv6040; 13cv6798; 13cv7289; 13cv7713; 14cv7407; 14cv4801 (D.N.J.)(available at www.pacer.gov).

1

these letters. Plaintiff has properly signed and completed his IFP application and submitted his prisoner trust account statement, establishing that he does not have sufficient funds to pay the filing fee in this matter. (Doc. No. 3.) Therefore, the Court will grant the IFP application.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pay the filing fee in installment payments, as described in 28 U.S.C. § 1915(b). A prisoner must make such installment payments, even if the case is dismissed upon preliminary screening required by the statute. See McGeachy v. Aviles, No. CIV. 10-3562 JLL, 2011 WL 1885938, at *1 (D.N.J. May 18, 2011)(citing 28 U.S.C. § 1915(e)(2)(b). Such is the case here.

In Plaintiff's case-initiating document (Doc. No. 1.), he submitted a copy of the text of the First Amendment to the United States Constitution, and a copy of the text of 42 U.S.C. § 2000cc, Protection of Religious Exercise in Land Use by Institutionalized Persons ("RLUIPA"). (Doc. No. 1.) Therefore, the Court construes the document as a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999), also containing a federal law claim under RLUIPA.

When a prisoner proceeds without prepaying filing fees pursuant to 28 U.S.C. § 1915(a)(2), the Court will dismiss the action if it is frivolous or malicious, fails to state a claim

2

upon which relief may be granted, or seeks monetary relief against a defendant that is legally immune. 28 U.S.C. § 1915(e)(2)(B); Denton v. Hernandez, 504 U.S. 25, 27 (1992). A complaint is frivolous if it is delusional, irrational, or wholly incredible. Hines v. U.S., 166 F. Appx. 610, 611 (3d. Cir. 2006)(per curiam)(citing Denton, 504 U.S. at 27 and Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Here, Plaintiff submitted the text of the First Amendment, the text of 42 U.S.C. § 2000cc, and excerpts of pages that contain the side effects of certain medications such as lorazepam. (Doc. No. 1.) Interspersed with these pages is what appears to be Plaintiff's attempt to describe his religious beliefs. (Id.)

Plaintiff's case-initiating document fits the definition of a frivolous complaint. The Court simply cannot determine any facts that Plaintiff is trying to communicate that might support a valid claim. Thus, the Court will dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS**, therefore, on this 3rd day of March 2015,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is granted (Doc. No. 3); and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00, pursuant to 28 U.S.C. § 1915(b)(2); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's

3

prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk, payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action; and it is further

**ORDERED** that this action is summarily dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail.

_____
STANLEY R. CHESLER
**United States District Court**